**UNITED BLACK COMMUNITY FUND, INC., Appellant,**

v.

**Christopher BOND, Governor, State of Missouri, John A. Petzer and James A. Carder, Appellees.**

**No. 85-2417.**

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1986.

Decided Sept. 8, 1986.

Lloyd J. Jordan, St. Louis, Mo., for appellant.

Curtis Thompson, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before ARNOLD, FAGG, and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

The United Black Community Fund appeals from the denial of its motion that the defendants, employees of the State of Missouri, be cited for contempt for failure to comply with a consent judgment entered in earlier litigation. The district court[1] found no grounds for the imposition of sanctions, and we affirm.

The underlying dispute in this case involves the procedures by which Missouri allows charitable organizations to solicit donations from state employees on state time and collect the resulting pledges through

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

state payroll deductions. The Fund in October 1984 brought suit alleging a violation of its constitutional rights in that Missouri was granting access to its employees and payroll only to the United Way of Greater St. Louis. That litigation terminated in a consent judgment and order, entered November 21, 1984, providing in relevant part that:

> Prior to September, 1985, the defendants will establish written guidelines for solicitation by charitable organizations during a joint solicitation process and will allow the [United Black Community Fund] to participate in said joint solicitation process as permitted all other charitable organizations, absent fraud, malfeasance or other disqualifications for impropriety as may be set forth in said guidelines.

Missouri timely established such solicitation guidelines and set July 29, 1985, as the deadline for requests by charities to participate in a joint solicitation campaign that fall. The State, however, did not notify the Fund of this deadline; and when the Fund failed to submit a request to participate, the State excluded it from the 1985 campaign. The Fund then brought this motion for contempt, alleging that the State, by denying it the right to participate, had violated the 1984 consent judgment.

The district court denied the Fund's motion, holding that there was no basis upon which to impose the equitable sanction of contempt because the Fund had not alleged that it had been treated differently from any other group or that the State had purposefully established and administered the deadline regulations in a manner intended to prevent the Fund from participating in the joint solicitation. The Fund argues that the district court in so holding erred as a matter of law because neither disparate treatment of the Fund nor purposeful disregard of the consent judgment is a requirement for contempt to lie. These arguments, however, mistake the gist of the district court's order.

The district court's holding that the absence of an allegation of disparate treatment vitiated the motion for contempt follows not from the law of contempt but from the content of the underlying order which the Fund asserts Missouri has violated. The consent judgment provided that the Fund was to have the same right to solicit donations from state employees "as permitted all other charitable organizations." The Fund argues that this language addresses only the manner of its solicitation—for example, the timing and duration of the joint campaign—and not the fact of its solicitation. It argues that it has always had the right to "apply" to participate in the annual campaign and that the consent decree gave it the automatic right, absent fraud or impropriety, to so participate. Missouri counters that the Fund by its argument seeks special treatment because the Fund thus would be allowed to solicit donations from state employees without meeting the requirements imposed on other charitable organizations. Even if required to submit a timely request to participate, the Fund would have gained through the consent decree because permission could no longer be denied arbitrarily but only for the Fund's failure to meet requirements imposed equally on all charities. The district court implicitly accepted the State's interpretation. In view of the fact that the judge who decided the contempt motion was the same judge who approved the consent judgment, we are inclined to agree.

Although we question whether the State has acted entirely in good faith in this matter and suggest that, given the previous litigation, the State would not have been showing unwarranted favoritism had it notified the Fund of the July 29 deadline, we agree that the Fund's motion did not present an adequate basis for contempt.

At the oral argument counsel for defendant assured the Court that the United Black Community Fund would be advised of the deadline for applications to participate in the 1986 joint solicitation campaign. We have now been further assured, by letter to the Clerk of this Court dated May 19, 1986, from counsel for defendants,

that the Commissioner of Administration of the State of Missouri, one of the defendants in this case, has agreed to give written notice of the deadline to the United Black Community Fund once it is established.

The order is affirmed.